IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

Carl Miller,                              )
                                          )
    Plaintiff,                       )
                                          )
    vs.                              )   Civil Action No. 8-1435
                                          )
North Belle Vernon Borough                )
et al                                     )
    Defendants.                      )

AMBROSE, Chief District Judge

# OPINION
## and
## ORDER OF COURT

Carl Miller ("Miller") contends that during a regularly scheduled meeting of North Belle Vernon Borough ("the Borough") he was assaulted by the Defendants on account of and in retaliation for having engaged in protected First Amendment activity. Accordingly, he brings suit against the Borough; Edward J. Lyons, as an individual and in his capacity as the Mayor of the Borough; Dennis Simboli, as an individual and in his capacity as President of the Borough Council; and Coleen Naylor, as an individual and in her capacity as a Borough Police Officer, under 42 U.S.C. § 1983 for violations of his rights under the First and Fourteenth Amendments of the United States Constitution. Miller also asserts a claim against all Defendants for intentional infliction of emotional distress.

The Defendants have filed a Partial Motion to Dismiss Pursuant to FRCP 12(b)(6) Or In The Alternative, Motion For More Definite Statement Pursuant to FRCP 12(e).

1

See Docket No. [6]. The Defendants urge that the Complaint lacks the factual specificity required under the Supreme Court's decision in Bell Atlantic Corporation v. Twombly, __ U.S. __, 127 S. Ct. 1955 (2007). The Defendants also contend that the intentional infliction of emotional distress claim is fatally flawed.

After careful consideration, and for the reasons set forth below, the Motion is granted in part and denied in part.

Standard of Review

In ruling on a motion to dismiss brought pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, I must construe all allegations of the complaint in the light most favorable to the plaintiff. I must also accept as true all well-pleaded facts and allegations, and must draw all reasonable inferences therefrom in favor of the plaintiff. Worldcom, Inc. v. Graphnet, Inc., 343 F.3d 651, 653 (3d Cir. 2003). However, as the Supreme Court made clear in Bell Atlantic v. Twombly, __ U.S. __, 127 S. Ct. 1955, 1965 (2007), the "[f]actual allegations must be enough to raise a right to relief above the speculative level." Thus, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. (citations omitted).

Analysis

I. *First Amendment Claims*

A retaliation claim under the First Amendment requires Miller to allege and prove that: (1) he engaged in constitutionally protected activity; (2) that the

2

government responded with retaliation; and (3) that the protected activity caused the retaliation. See Eichenlaub v. Township of Indiana, 385 F.3d 274, 282 (3d Cir. 2004) (citations omitted) and Herman v. Carbon County, 248 Fed. Appx. 442, 444 (3d Cir. 2007) (citations omitted). Here, Miller contends that he was physically assaulted by Officer Naylor at a Borough Council meeting on October 10, 2006. According to Miller, the assault occurred in retaliation for his having engaged in protected First Amendment activity, including the right to free speech, political affiliation and the right to petition the government for redress of grievances. See Complaint, ¶ 1.

Yet, as the Defendants allege, the Complaint is bereft of any factual details regarding Miller's alleged "protected activity." No mention is made of about what Miller was speaking, what party or individual(s) he was affiliated with, or what grievances he sought to address. Miller's failure in this regard is fatal.[1]

"While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's [Rule 8] obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Phillips v. County of Allegheny, 515 F.3d 224, 231 (3d Cir. 2008), citing, Bell Atlantic Corporation v. Twombly, __ U.S. __, 127 S. Ct. 1955, 1964-65 (2007).[2] Here, Miller has given nothing

---

[1] Miller's belief that he need not include such factual details because the Defendants have access, via their "official records," to the missing information is unpersuasive.

[2] Miller devotes a substantial portion of his Brief in Opposition arguing against imposing a "heightened pleading standard" for claims under Section 1983 such as was rejected by the Supreme Court in Leatherman v. Tarrant County

3

more than a formulaic recitation of the elements of the cause of action. The Complaint does not contain "enough factual matter (taken as true) to suggest" that Miller actually engaged in activity protected by the First Amendment. Phillips, 515 F.3d at 234. The Complaint, as it currently reads with respect to Miller having engaged in "protected activity," does not raise the right to relief above the speculative level. Twombly, 127 S. Ct. at 1965 n. 3.

Accordingly, the Motion to Dismiss the claims asserted under the First and Fourteenth Amendment for retaliation is granted. See Herman v. Carbon County, 248 Fed. Appx. 442 (3d Cir. 2007) (finding that a plaintiff claiming retaliation under the First Amendment had not provided the operative facts underlying her claim where she failed to provide details regarding the content of the expressions or when the expressions occurred). Dismissal is, however, without prejudice to file an Amended Complaint curing the deficiencies noted herein.

II. *Fourteenth Amendment Claims*

Miller's Complaint does make two extremely limited references to the Fourteenth Amendment. See Complaint ¶¶ 1 and 13. In each instance, no mention is made of any particular portion or clause of the Fourteenth Amendment. Instead, Miller references retaliation for having engaged in activity protected by the First Amendment. See Complaint, ¶¶ 1 and 11.

---

Narcotics Intelligence and Coordination unit, 507 U.S. 163, 167-68, 113 S. Ct. 1160 (1993). Miller misunderstands the Defendants' contentions. They do not seek to hold a Section 1983 claim to a heightened standard of pleading. Instead, they urge that Miller has failed to allege sufficient facts to raise his right to relief above the speculative level, as is required in Twombly.

4

As such, I read Miller's reference to the Fourteenth Amendment simply as an acknowledgment that the freedoms protected by the First Amendment are secured against abridgment by the States through the Fourteenth Amendment. See Schneider v. State of New Jersey, 308 U.S. 147, 60 S. Ct. 146, 160 (1939). Miller's Brief in Opposition would seem to support this reading of his Complaint. In opposition to a challenge by the Defendants that, to the extent that the Complaint purports to assert a claim for violation of due process or equal protection rights under the Fourteenth Amendment, the claim is deficient, Miller suggests that he does not intend to set forth a separate Fourteenth Amendment claim. Rather, he explains that the Fourteenth Amendment claim is derivative of and consistent with the First Amendment Claim. See Docket No. [11], p. 11-12. Indeed, he cites to a decision in Zapach v. Dismuke, 134 F. Supp.2d 682, 687 (E.D. Pa. (2001) for the proposition that the First Amendment's protection of free speech is made applicable to the States through the Fourteenth Amendment. See Docket No. [11], p. 11-12.

Accordingly, I am confused when, in a separate portion of his Brief in Opposition, Miller begins to reference "due process rights" under the Fourteenth Amendment. See Docket No. [11], p. 12. He speaks of "a protected liberty and property interest in his First Amendment content-based speech," a "denial of his right to petition for redress of grievances," and the deprivation of due process because he was unable to speak at Defendant Borough's public meeting concerning matters of government, etcetera. Id., p. 11-12. No mention is made anywhere in the Complaint to a violation of "due process rights." Thus, to the extent that Miller

intends to assert a due process claim under the Fourteenth Amendment, he is on notice that the Complaint as it currently reads does not set forth any such claim. In the event that Miller chooses to file an Amended Complaint, he can assert due process claims.

As such, the Motion to Dismiss the Fourteenth Amendment claim is denied as moot, because the Complaint as it currently reads does not set forth a separate due process or equal protection claim under the Fourteenth Amendment. Instead, the reference to the Fourteenth Amendment is understood to be only for the purpose of demonstrating that the protections offered by the First Amendment against abridgment by the United States is similarly secured to all persons against abridgment by the State.

III. *Municipal Liability Under 42 U.S.C. § 1983*

Miller alleges that "the Borough acted through Defendants Naylor, Lyons and Simboli, who retaliated against Miller for the exercise of his first amendment rights … ." See Complaint, ¶ 2. Accordingly, Miller seeks to impose liability against the Borough under 42 U.S.C. § 1983. The Defendants contend that this claim is fatally flawed.

As is well established, a municipality cannot be held liable under § 1983 for the actions of its officials under a *respondeat superior* theory of liability. See Monell v. Department of Social Services, 436 U.S. 658, 691, 98 S. Ct. 2018 (1978). Instead, "[a] municipality is liable under § 1983 when a plaintiff can demonstrate that the municipality itself, through the implementation of a municipal policy or custom,

causes a constitutional violation. Liability will be imposed when the policy or custom itself violates the Constitution … ." Brown v. Farrell, 293 Fed. Appx. 147, 150 (3d Cir. 2008), quoting, Colburn v. Upper Darby Township, 946 F.2d 1017, 1027 (3d Cir. 1991).

I agree with the Defendants that Miller has failed to plead a custom, practice or policy which caused a constitutional violation. Miller simply alleges that various individual Defendants were acting "in accordance with the customs, policies or practices" of the Borough, yet never identifies what those customs, policies or practices were or facts in support thereof. Miller does nothing to clarify this matter in his Brief in Opposition. Indeed, he seems to argue in the Brief that the Borough had a "policy or custom of holding public meetings where its citizens may appear and speak on matters of governmental concern," but that on the date in question, Borough members acted in *contravention* of that policy or custom. See Docket No. [11], p. 14-15.

Because Miller has failed to properly plead that the deprivation of his First Amendment rights occurred because of a municipal policy, custom or practice, the Motion to Dismiss the § 1983 claim against the Borough is granted. See Heilman v. T.W. Ponessa and Associates, Civ. No. 7-1308, 2008 WL 275731 at *14 (M.D. Pa. Jan. 30, 2008) (dismissing a complaint alleging municipal liability under § 1983 where the amended complaint did nothing "more than regurgitate the standard for municipal liability under § 1983, stating that 'Clinton County engaged in a policy, custom and practice of denying proper medical care which led to the Plaintiff failing to receive

proper medical care.'") Again, however, Miller is given leave to file an Amended Complaint curing the deficiencies noted herein.

IV. *Defendant Naylor*

The Defendants seek the dismissal of the § 1983 claim against Officer Naylor based upon the argument that the Complaint is devoid of any allegations Naylor acted pursuant to a retaliatory motive rather than simply obeying orders. I disagree. While not explicitly stated, Naylor is charged with having assaulted Miller and Miller alleges that "[t]he reasons for assaulting Plaintiff were in retaliation for his protected first amendment actions, including protected free speech, political affiliation and / or association and rights to petition the government for redress of grievances." See Complaint, ¶ 11. These allegations are sufficient. Consequently, while the retaliation claim is deficient in other respects, as noted above, the Defendants' Motion to Dismiss the claim against Naylor on this basis is denied.

V. *Excessive Force Claims - Lyons and Simboli*

The Defendants seek the dismissal of "excessive force claims" asserted against Mayor Lyons and Councilman Simboli. See Docket No. [7], p. 10. I do not read the Complaint as asserting claims against Lyons and Simboli for the use of excessive force. Again, as stated above, the Complaint references only First Amendment violations and intentional infliction of emotional distress. As such, the Defendants' Motion in this regard is denied as moot.

VI. *Defendant Simboli*

The Complaint identifies Dennis Simboli as the President of the Borough

Council. See Complaint, ¶ 4. Yet other than identifying him as such in the "Parties" section of the Complaint, Miller does not identify Simboli in particular as having engaged in any of the conduct sought to be redressed. Indeed, Miller identifies Lyons as the individual who ordered his forcible removal from the Borough meeting and Naylor as the individual who carried out that order. See Complaint, ¶¶8-9. There is simply no allegation that Simboli was personally involved in the matters at issue. Nor did the Complaint include allegations that Simboli somehow had an affirmative duty to act to prevent Lyons and Naylor from engaging in the conduct charged.[3] Consequently, I agree with the Defendants that all claims against Simboli must be dismissed, subject to the ability to file an Amended Complaint.

VII. *Intentional Infliction of Emotional Distress*

In Count Five of the Complaint Miller asserts a claim for intentional infliction of emotional distress. He contends that the Defendants' conduct was both extreme and outrageous and has caused him to suffer physical, emotional and psychological harm. The Defendants seek the dismissal of that claim as against Mayor Lyons and Councilman Simboli based upon the doctrine that, as "high public officials," they are entitled to common law absolute immunity from such claims. Miller counters that Lyons and Simboli are liable in accordance with the Political Subdivision Tort Claims Act ("PSTCA"), 42 Pa. C.S.A. § 8541 et seq.

The Pennsylvania Supreme Court has rejected Miller's contention that the

---

[3] Nor did Miller provide a legal argument in support of such a proposition in his Brief in Opposition.

PSTCA abrogates the long-standing common-law doctrine of absolute privilege for high public officials. See Linder v. Mollan, 544 Pa. 487, 677 A.2d 1194, 1196 (1996) (stating that, "[t]his court has never called into question, much less overruled, the common-law doctrine of absolute privilege for high public officials."). Indeed, the court recognized that "[t]his common law doctrine of tort immunity existed before the enactment of the Political Subdivision Tort Claims Act, 42 P.S. § 8541 et seq., and was not abrogated by it." See Durham v. Melynn, 565 Pa. 163, 722 A.2d 68, 69 (2001). The court explained that:

> [e]ven though the innocent may sometimes suffer irreparable damage, it has been found to be in the public interest and therefore sounder and wiser public policy to "immunize" public officials, for to permit slander, or libel, or malicious prosecution suits, … would be to deter all but the most courageous or the most judgement-proof public officials from performing their official duties and would thus often hinder or obstruct justice and allow many criminals to go unpunished.

Gleeson v. Robson, Civ. No. 2-1747, 2005 WL 1210948 at * 34 (M.D. Pa. May 6, 2005), quoting, Durham, 565 Pa. 163, 772 A.2d at 69.

Though the common law doctrine of "high public official immunity" was originally applied in the context of defamation claims, its application has since expanded. See Douris v. Schweiker, 229 F. Supp.2d 391, 402-03 (E.D. Pa. 2002) (holding that district attorneys were absolutely immune from a claim of abuse of process); Gleeson, 2005 WL 1210948 at * 34 (finding that an assistant district attorney absolutely immune from liability for claims of malicious prosecution, abuse of process and intentional infliction of emotional distress); Cherry v. City of Phila., Civ. No. 4-1393, 2004 WL 2600684 at * 7 (E.D. Pa. Nov. 15, 2004) (finding a Philadelphia

10

district attorney absolutely immune from an intentional infliction of emotional distress claim because the relevant actions were taken within the course of her official duties); and Smith v. School District of Philadelphia, 112 F. Supp.2d 417, 426 (E.D. Pa. 2000) (predicting that the Pennsylvania Supreme Court would hold that the Tort Claims Act does not abrogate high public official's absolute immunity from civil suits for intentional infliction of emotional distress and invasion of privacy).

It is clear that Mayor Lyons is a "high public official" for purposes of immunity, see Linder v. Mollan, 544 Pa. 487, 677 A.2d 1194 (1967) (finding that a mayor constitutes a high public official) and that Councilman Simboli is as well. See Hall v. Kiger, 795 A.2d 497 (Pa. Commw. 2002) (holding that a local councilman is a high public official); and Smith v. Borough of Dunmore, Civ. No. 5-1343, 2005 WL 762930 at * 12 (M.D. Pa. March 7, 2007) (finding that local councilmen are high public officials). The question remains, however, whether the actions engaged in by these high public officials were done within the course of duties and scope of authority inherent in the Borough Council. Smith, 2005 WL 762930 at * 12 and Osiris Enterprises v. Borough of Whitehall, 877 A.2d 560, 567 (Pa. Commw. 2005). While one may presume that a Mayor acted within his official duties in removing Miller from the Borough meeting, the Complaint does not contain allegations as such. Neither have the Defendants provided me with any citations to statutes or ordinances indicating that Lyons was necessarily acting within his official duties when he ordered Miller's removal. Accordingly, I cannot grant the Motion to Dismiss on this basis. The Defendants are, however, permitted to reassert this argument at the summary

judgment stage.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

Carl Miller,                                )
                                            )
    Plaintiff,                          )
                                            )
vs.                                         )   Civil Action No. 8-1435
                                            )
North Belle Vernon Borough                  )
et al                                       )
    Defendants.                         )

AMBROSE, Chief District Judge

## ORDER OF COURT

And now, this 15th day of January, 2009, after careful consideration, and for the reasons set forth in the accompanying Opinion, the Defendants' Partial Motion to Dismiss Pursuant to FRCP 12(b)(6) Or In The Alternative, Motion For More Definite Statement Pursuant to FRCP 12(e) (Docket No. [6]) is granted in part and denied in part.

It is granted as follows:

(1) the claims asserted under 42 U.S.C. § 1983 for retaliation based upon having exercised First Amendment rights (as applied to the State via the Fourteenth Amendment) is dismissed based upon a failure to sufficiently plead that Miller engaged in protected conduct;

(2) the claim asserted against the Borough under 42 U.S.C. § 1983 for violations of the First Amendment (as applied to the State via the Fourteenth Amendment) is dismissed based upon the separate basis that the Complaint fails to sufficiently plead that the deprivation of the constitutional right occurred because of a Borough custom, practice or policy;

(3) all claims asserted against Defendant Simboli are dismissed based upon a failure to plead that Defendant Simboli had any personal

involvement in the conduct at issue or was somehow otherwise responsible for the conduct of others;

It is denied as follows:

(1) because the Complaint as it currently reads does not assert any claims under 42 U.S.C. § 1983 for violations of the Due Process or Equal Protection Clauses of the Fourteenth Amendment, the Motion is denied as moot in this regard;

(2) Miller has sufficiently alleged a § 1983 claim against Officer Naylor (other than the general deficiencies noted above);

(3) because the Complaint as it currently reads does not assert any claims based upon the use of excessive force, the Motion is denied as moot in this regard;

(4) though Simboli and Lyons are high public officials entitled to absolute immunity for actions taken in the official course and scope of their duties, the allegations in the Complaint do not permit the dismissal of the intentional infliction of emotional distress claim against these individuals at this juncture.

Plaintiff is hereby given leave to file an Amended Complaint, curing the deficiencies noted herein, within 10 (ten) days of the date of this Order.

BY THE COURT:

/s/<u>Donetta W. Ambrose</u>
Donetta W. Ambrose,
Chief U.S. District Judge