IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

Carl Miller,                               )
                                           )
        Plaintiff,                         )
                                           )
        vs.                                )        Civil Action No. 8-1435
                                           )
North Belle Vernon Borough                 )
et al                                      )
        Defendants.                        )

AMBROSE, Chief District Judge

## OPINION
## and
## ORDER OF COURT

Plaintiff Carl Miller ("Miller") contends that during a regularly scheduled
meeting of North Belle Vernon Borough ("the Borough"), he was assaulted by the
Defendants on account of and in retaliation for having engaged in protected First
Amendment activity.  His initial Complaint named the Borough; Edward J. Lyons
(the Mayor); Dennis Simboli (President of the Borough Council) and Coleen Naylor
(the Borough Police Officer who removed him from the meeting), as Defendants.
I previously granted the Defendants' Partial Motion to Dismiss in part. See Docket
No. [12].  Specifically, I dismissed the claims asserted under 42 U.S.C. § 1983 for
retaliation based upon having exercised First Amendment rights (as applied to
the State via the Fourth Amendment) because Miller had not sufficiently alleged
that he had engaged in protected activity.  I also dismissed the claims asserted
under 42 U.S.C. § 1983 against the Borough for violations of the First Amendment

for the additional reason that Miller failed to sufficiently plead that the

deprivation of the constitutional right occurred because of a Borough custom,

practice or policy. Finally, I dismissed any claims asserted against Defendant

Simboli for the additional reason that Miller failed to plead Simboli had any

personal involvement in the conduct at issue or was somehow otherwise

responsible for the conduct of others.[1]  The dismissal was without prejudice to

file an Amended Complaint curing the deficiencies noted within the Opinion.

     Miller has since filed an Amended Complaint. <u>See</u> Docket No. [16].  He

explains that the "protected activity" he engaged in consisted of speaking (and /

or attempting to speak) at the Borough meeting regarding comments Lyons and

Simboli made in a newspaper article about a Borough Ordinance regarding the

removal of "junk" vehicles and about the Ordinance in general.  Miller also adds

numerous allegations explaining in detail Simboli's role in the alleged retaliatory

conduct.  Finally, Miller explains that "[i]t is the custom or policy of Defendant

Borough at its public meetings that nothing occur and that nothing be stated,

commented upon or discussed without oral instruction, approval or permission

of Defendant Simboli prior to the commencement of the said meeting." <u>See</u>

Docket No. [16], ¶ 8.  It also appears that Miller has added an additional claim - that

the Defendants acted so as to suppress his exercise of First Amendment rights.

---

[1] I denied the Motion as moot insofar as the Defendants sought to dismiss any due process, equal protection or excessive force claims, as I did not read the Complaint as asserting any such claims.  I also denied the Motion insofar as Defendants Simboli and Lyons sought absolute immunity with respect to the intentional infliction of emotional distress claim.

In response, the Defendants have filed a Partial Motion to Dismiss Plaintiff's Amended Complaint Pursuant to FRCP 12(b)(6). <u>See</u> Docket No. [19].[2] They urge that the facts as alleged in the Amended Complaint coupled with the Meeting Minutes appended thereto demonstrate that the time, place and manner restrictions placed upon Miller's speech at the Borough meeting were constitutionally sufficient and thus cannot give rise to a First Amendment claim. Absent a valid constitutional claim, the Defendants reason, there can be no municipal liability. Finally, the Defendants urge, the conduct of which Miller complains is not so "extreme" and "outrageous" as to be actionable under a claim for intentional infliction of emotional distress.

After careful consideration, and for the reasons set forth below, the Motion is denied.

<u>Standard of Review</u>

In ruling on a motion to dismiss brought pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, I must construe all allegations of the complaint in the light most favorable to the plaintiff. I must also accept as true all well-

---

[2] The Motion is "partial" only insofar as the Defendants do not challenge the alleged Section 1983 excessive force claim asserted against Naylor. <u>See</u> Docket No. [20], p. 21. Again, as stated in my original Opinion, I did not view Miller's Complaint as asserting an excessive force claim. Clearly, Miller did not intend to assert one in that Complaint either. <u>See</u> Docket No. [29], paragraph 1 (stating "It is denied that Miller's originally filed Complaint alleges a violation of the Fourth Amendment"). Nothing in the Amended Complaint suggests that Miller is invoking an excessive force claim under the Fourth Amendment. Accordingly, I find that Miller has not asserted a Fourth Amendment excessive force claim against Naylor.

pleaded facts and allegations, and must draw all reasonable inferences therefrom in favor of the plaintiff. Worldcom, Inc. v. Graphnet, Inc., 343 F.3d 651, 653 (3d Cir. 2003). However, as the Supreme Court made clear in Bell Atlantic v. Twombly, 550 U.S. 544, 127 S. Ct. 1955, 1965 (2007), the "[f]actual allegations must be enough to raise a right to relief above the speculative level." Thus, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. (citations omitted).

Analysis

I. First Amendment Claims

I read the Amended Complaint to include two types of First Amendment claims - one based upon retaliation for having exercised First Amendment rights (see ¶1) and one based upon the suppression of the right to exercise First Amendment rights (see ¶ 9). The Defendants' Partial Motion to Dismiss does not challenge the retaliation claim.[3] Instead, the challenge focuses solely upon the suppression of the right to exercise First Amendment rights.

---

[3] Constitutional retaliation claims are analyzed under a three part test: (1) did the plaintiff engage in constitutionally protected activity; (2) did the government respond with retaliation; and (3) did the protected activity cause the retaliation. See Eichenlaub v. Township of Indiana, 385 F.3d 274, 282 (3d Cir. 2004) (citations omitted). I dismissed Miller's original Complaint based upon a failure to identify protected activity. As noted above, he cured this deficiency. There can be no doubt that Miller engaged in protected activity - he spoke of the Borough ordinance and the comments the Defendants made to the newspaper. Further, the Amended Complaint contains allegations of retaliation and a causal connection.

As Miller notes, "[t]he government's power to prevent or limit speech on public property is carefully circumscribed by the First Amendment." Eichenlaub v. Township of Indiana, 385 F.3d 274, 279 (3d Cir. 2004). Here Miller spoke at a Borough meeting and it is not entirely clear based upon the facts presented whether this venue constitutes a "general public forum" or a "limited public forum." Whether a meeting is classified as a general public forum or a limited public forum, however, it "is reviewed under a sliding standard that allows for content-related regulation so long as the content is tied to the limitations that frame the scope of the designation, and so long as the regulation is neutral as to viewpoint within the subject matter of that content." Eichenlaub, 385 F.3d at 281. Thus, a public body may confine meetings to a specified subject matter and may restrict repetitive, disruptive and truculent behavior. Id. "Restricting such behavior is the sort of time, place, and manner regulation that passes muster under the most stringent scrutiny for a public forum. Indeed, for the presiding officer of a public meeting to allow a speaker to try to hijack the proceedings, or to filibuster them, would impinge on the First Amendment rights of other would-be participants." Id.

The Defendants contend that the restrictions placed on Miller's continued speech were appropriate with respect to time, place and manner. At the commencement of the Borough meeting, Defendant Simboli:

> welcomed the large crowd and said each would be permitted to speak on their subject for five minutes. Simboli noted there will be no interruptions or side conversations while a person is addressing council. If it happens a warning will be issued first. If the

5

interruption continues, he will ask the mayor to have the police officer remove the person from the meeting.

See Meeting Minutes appended to the Amended Complaint, Docket No. [16]. In the abstract, I may agree with the Defendants that:

> [i]n this case, the Council's rules prescribing a five (5) minute time limit for each speaker, limiting speakers such as Mr. Miller to only one opportunity to speak, and removing persons who, after a warning, continue to interrupt other speakers and speak out of turn are clearly constitutionally permissible restrictions on speech because the government has a significant interest in conducting orderly, efficient, effective and dignified meetings of its public bodies.

See Docket No. [20], p. 16. Simply stated, however, at this procedural juncture, I am not prepared to decide as a matter of law that Miller was acting disorderly or disruptively.[4] Indeed, in his Amended Complaint he states that he was not disrupting the meeting. See Amended Complaint, ¶ 9N. Additionally, the Meeting Minutes are not an actual transcript, they are a summary. The Meeting Minutes do not use the word "interrupt" in reference to Miller. Moreover, the Meeting Minutes suggest that the first time Miller allegedly speaks out of turn (and is accordingly "warned" by Simboli) he is asking another individual to repeat his question. This hardly seems disruptive. The next time Simboli speaks it is not

---

[4] I note that each of the decisions cited by the Defendants as authority for the dismissal of the Amended Complaint, Eichenlaub v. Township of Indiana, 385 F.3d 274 (3d Cir. 2004), Olasz v. Welsh, No. 06-348, 2007 U.S. Dist. LEXIS 45785 (W.D. Pa. June 25, 2007), aff'd, 547 F.3d 187, 2008 U.S. App. LEXIS 21585 (3d Cir. Oct. 14, 2008) and Shigle v. Mount Pleasant Borough, No. 03-1433, 2005 U.S. Dist. LEXIS 28131 (W.D. Pa. Nov. 15, 2005), were decided at the summary judgment stage, not at the motion to dismiss stage.

clear that he is interrupting anyone.  His comment follows a notation of "[t]here was a round of applause."  Moreover, the person previously speaking does not resume speaking upon Miller's removal - again suggesting Miller was not interrupting a speaker.  Finally, four other individuals spoke on the same topic as Miller.  From this one can infer that Miller was not diverting the Borough's attention away from germane matters - other members of the public were interested in the topic as well. Again, this suggests that perhaps Miller was not being disruptive in speaking on this topic.

In short, Miller has raised his First Amendment claim above the speculative level and is entitled to proceed with discovery.  The Partial Motion to Dismiss is denied in this regard.[5]

II. Municipal Liability

The Defendants contend that the Amended Complaint fails to state a claim for an unconstitutional municipal policy or custom.  More specifically, the Defendants contend that because the restrictions placed upon Miller's speech at the Borough meeting were constitutionally permissible, there can have been no First Amendment violation and thus no municipal liability can arise.  I have already determined, however, that the First Amendment claim will go forward.

---

[5] The Defendants make a passing reference to Miller's assertion that the suppression of his speech violated his right to political affiliation.  See Docket No. [20], p. 18.  The crux of the Defendants' argument in support of the dismissal of this component of Miller's First Amendment claim is "it makes no sense." Id.  The Defendants then repeat their argument as to appropriate time, place and manner regulations.  Given the Defendants' failure to provide a meaningful analysis of a political affiliation claim, I decline to address this contention.

The Defendants also contend that there is no causal connection between the Borough's policy and the suppression of speech because Miller "was in fact permitted to speak at the October 10, 2006 meeting." See Docket no. [20], p. 20. This is a factual matter that can not be resolved at this juncture. The Amended Complaint clearly indicates that Miller's speech was suppressed - he was removed from the meeting while attempting to speak. Accordingly, the Motion to Dismiss the claim of municipal liability is denied.

III. Intentional Infliction of Emotional Distress

The Defendants contend that Miller's claim for intentional infliction of emotional distress must be dismissed because his removal from the Borough meeting was prompted by his own actions - speaking out of turn and ignoring the rules of decorum. See Docket No. [20], p. 20. Again, as stated above, these facts are in dispute and cannot be resolved at this juncture. I decline to dismiss Miller's claim on this basis. Further, I am not prepared to rule as a matter of law at this stage of the litigation that suppressing someone's First Amendment rights and assaulting that person in retaliation for invoking those rights could not give rise to an intentional infliction of emotional distress claim. Consequently, the Motion to Dismiss is denied in this regard.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

Carl Miller,                                        )
                                                    )
        Plaintiff,                                  )
                                                    )
        vs.                                         )        Civil Action No. 8-1435
                                                    )
North Belle Vernon Borough                          )
et al                                               )
        Defendants.                                 )

AMBROSE, Chief District Judge

ORDER OF COURT

AND NOW, this 22nd day of April, 2009, after careful consideration, and for the reasons set forth in the accompanying Opinion, the Defendants' Partial Motion to Dismiss (Docket No. 19] is DENIED.  The parties should continue to abide by the deadlines set in place in the Case Management Order at Docket No. [22].

BY THE COURT:

/s/Donetta W. Ambrose
    Donetta W. Ambrose,
    Chief U.S. District Judge