# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CARL MILLER, | ) |
| Plaintiff, | ) Civil Action No. 8-1435 |
| v. | ) |
| NORTH BELLE VERNON BOROUGH, EDWARD J. LYONS, And DENNIS SIMBOLI, | ) |
| Defendants. | |

## OPINION AND ORDER OF COURT

### SYNOPSIS

In this matter, in which trial is imminent, at issue is whether Plaintiff was removed from a Council meeting in violation of the First Amendment's right to speak, petition the government for redress of grievances, and be free of retaliation for protected speech. Before the Court are the parties' Motions in Limine.

As a preliminary and guiding matter, I emphasize to the parties that at issue in this case is Defendants' reaction, or lack thereof, to Plaintiff's speech at the October 10th meeting, and not Defendants' motive to retaliate against Plaintiff for his speech or activities at any time prior to that meeting. The jury will be so instructed, and the proof at trial admitted or excluded accordingly. I will not allow the trial to devolve into a mechanism for rehashing a history of grievances that the parties might have with each other, or with the operation of the Borough or its employees; this is not a referendum on proper municipal management. Nonetheless, certain aspects of the parties' relationship may bear on whether Defendants were motivated by the

content of Plaintiff's speech at that meeting, or instead by other factors. Thus, even if the following Opinion and Order deny any aspect of the Motions in limine without prejudice, the parties shall exercise care to adhere to these principles when attempting to introduce evidence at trial. In turn, the Court will exercise care to preclude collateral issues from demanding undue time and attention during trial.

## OPINION

### I. Applicable Standards

Relevant evidence is defined as evidence "having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 401. In turn, relevant evidence may be excluded if its "probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." Fed. R. Evid. 403. "Rule 403 authorizes a district court in its broad discretion to exclude collateral matters that are likely to confuse the issues." United States v. Casoni, 950 F.2d 893, 919 (3d Cir. 1991). The inquiries under Rules 401 and 403 are fact-intensive, and context-specific. Sprint v. Mendelsohn, 552 U.S. 379, 128 S. Ct. 1140, 170 L. Ed. 2d 1 (2008). The burden of establishing the admissibility and relevance of evidence rests on the proponent. E.g., Yibulayin v. Yellow Freight Sys., No. 4-3690, 2005 U.S. Dist. LEXIS 23836, at *5 (E.D. Pa. Oct. 18, 2005).

### II. Defendants' Motions

#### A. Defendants' First Motion

Defendants have filed three Motions in limine. The first seeks to exclude twenty-eight specified documentary exhibits, on grounds of relevance, and pursuant to Fed. R. Civ. P. 403.

The sum total of Defendant's argument on those grounds is that none of them are relevant to the issue to be tried, and that "many" of them were not previously produced. I agree that certain of the exhibits listed are excludable as irrelevant. In addition, the minimal probative value of the evidence, if any, is substantially outweighed by the danger of unfair prejudice and confusing the issues. Contrary to Plaintiff's assertion, proof relating to a particular Defendant's general "character" or "disposition" bears insufficient relation to the issues to be tried. For other pieces of evidence, Plaintiff has specified no basis for admission at all, and even potential relevance is not apparent. For these reasons, the following evidence shall not be admitted at trial: (a) Simboli petition for grant of letters of administration; (b) Notice from register of wills; (x) docket of DPW claim against Mayor Lyons' wife; (y) public records re: divorce and debt collection involving Simboli; (z) public records relating to Officer Naylor's divorce; (aa) public records relating to Betty Shine-Hill; (bb) documents relating to child molestation case against Tina Prinkney.

As emphasized <u>supra</u>, at issue in this case is whether Plaintiff's First Amendment rights were violated solely with respect to his speech at the October 10, 2006 meeting. These parameters have been set by Plaintiff's Complaint, which was drafted by counsel, and by previous Court rulings. Regarding the exhibits listed in Defendants' Motion as (i), (u), (v), and (w), Plaintiff has not identified their relevance, or any legitimate grounds for admissibility. A voter registration form,[1] photographs of Simboli's and Borough property, and a newspaper article regarding infighting among Defendants, do not tend to make any fact at issue in this case more or less likely. Moreover, any potential probative value of this evidence is substantially outweighed by the danger of misleading the jury and confusion of the issues, and thus it is excludable under Rule 403.

---

[1] Summary Judgment was entered in Defendants' favor on Plaintiff's claim for political party discrimination.

Regarding the remaining evidence, Defendants' assertion that "many" exhibits were not previously or timely produced or disclosed does not provide me sufficient information to permit adjudication on those grounds. At the time of trial, Defendants may make more particularized objections on that basis. As regards relevance, it appears that several of the documents might relate to the relationship between Plaintiff and Defendants prior to the meeting in question, which might relate to Defendants' motive; in addition, several might provide context for the events that occurred at the Council meeting. Moreover, absent specific argument, it does not appear that any of the remaining exhibits are unduly prejudicial.[2] In sum, I am unprepared to exclude, wholesale and absent specific argument from the parties, the remaining exhibits set forth in Defendants' Motion. Defendants may reassert their challenges at trial.

I will, however, impose a blanket time limitation grounded in Rule 403. The parties are advised that I will exclude all evidence regarding to the relationship between Plaintiff and Defendants that relates to events occurring more than two years prior to the meeting in question. Given that liability may only be imposed for events occurring at the subject Council meeting, all evidence relating to facts older than two years can only be of minimal probative value, and that value is substantially outweighed by the danger of confusion of the issues, waste of time, and misleading the jury.

**B. Defendants' Second Motion**

Defendants' Second Motion seeks to exclude evidence relating to Plaintiff's alleged personal injuries, on grounds that Plaintiff has not brought an excessive force claim, and Officer Naylor is no longer a party to this suit. However, Plaintiff's Complaint alleges that the conduct of Defendants other than Naylor, in ordering Naylor to remove him from the meeting, caused

---

[2] I take particular note of the exhibits listed in (n) through (s) of Defendants' First Motion, which are dated after the meeting. Defendants do not discuss whether these documents relate solely to events occurring after the meeting, and how the chronology affects their relevance. They shall have an opportunity to do so at trial.

him physical injury. "To maintain an action under § 1983, a plaintiff must show that the defendant's actions or policies proximately caused the injury alleged." Spencer v. Eckman, No. 4-4974, 2006 U.S. Dist. LEXIS 47976, at **18-19 (E.D. Pa. July 13, 2006). Plaintiff may attempt to prove that Defendants' actions proximately caused him physical injury; likewise, Defendants are entitled to refute that assertion. The jury will determine causation, or lack thereof, as an issue of fact. Accordingly, I will deny Defendants' Second Motion.

**C. Defendants' Third Motion**

Next I address Defendants' third Motion, in which they point to several potential subjects of testimony that are clearly irrelevant or the probative value of which is outweighed by the danger of prejudice, confusion of the issues, or misleading the jury, and will be excluded from evidence: Evidence relating to Borough liability insurance; sources of income of Lyons and Simboli; Lyons' and Simbolis' employment-related benefits, DUIs, PFAs, and motor vehicle accidents; and instances of misconduct by Borough Officers. These items, as listed in Defendants' Motion as (a), (c), (d), (h), (i), (k), and (l), will be excluded.

Because evidence relating to the prior relationship of the parties may be presented, and may be relevant to the motivation behind Defendants' actions, it is possible -- albeit, perhaps, unlikely -- that some aspect of the other listed categories of evidence could be admissible. Nevertheless, the listed categories -- for example, "any prior lawsuits involving Lyons and Simboli" -- are too broad to enable meaningful in limine assessment based on the Motion alone, and would result in an inappropriate blanket exclusion. Accordingly, I will deny those aspects of the Motion, without prejudice to Defendants to make particularized objections at trial. All of the evidence listed in Defendants' Third Motion and not excluded today, however, will be subject to the two-year time limitation discussed supra.

Finally, Defendants request that Plaintiff be precluded from stating his demand to the jury in a specific dollar amount. Plaintiff has not responded specifically regarding his intentions in that regard. While he may be permitted to present evidence of costs or expenses, he will not be permitted to suggest to the jury an overall number or particular demand in this action.[3] The jury, of course, will be instructed on the proper computation of damages based on the evidence, should they find Defendants liable.

### III. Plaintiff's Motions

#### A. Plaintiff's First Motion

Plaintiff's First Motion in limine seeks several rulings, many of which are unopposed. Those portions of the Motion will be denied, as moot.[4] Defendants explicitly do not oppose Paragraphs 4, 7, 9, 10, 14 of Plaintiff's Motion. Others are overly broad, and the blanket rulings sought would be highly inappropriate; thus, those portions of the Motion will be denied. I refer here to Paragraphs 1, 2, and 8, 16, 17, and 22 of Plaintiff's Motion. Instead, Plaintiff may make particularized objections at the time of trial. As regards Plaintiff's effort to preclude Defendant from referring to Plaintiff's medical history, or other litigation in which Plaintiff has been or is involved, that request must be denied. Plaintiff may to attempt to prove that he is entitled to compensatory damages for injuries proximately caused by the alleged First Amendment violation, including physical injuries. If Plaintiff presents evidence of physical injury at trial, then Defendants are entitled to attempt to demonstrate that those physical injuries were the result of some cause other than their actions on October 10. Defendants are not required to adduce expert testimony, as the burden of proving causation and damages rests on Plaintiff.

---

[3] Moreover, neither party has suggested whether Plaintiff disclosed computations of damages pursuant to Fed. R. Civ. P. 26(a)(iii).

[4] As regards Paragraph 11 and 15, I interpret Defendants' responses to mean that they do not intend to make any such statements to the jury, because it is the Court's province to instruct the jury. I will treat those contentions as unopposed, and the parties may raise their concerns, if necessary, at the final charge conference.

Accordingly, the requests made in Paragraphs 5, 6, 12, and 13 are denied, and Plaintiff may object to particular items of his medical history at trial, if they are not relevant.

With respect to Paragraph 3 of Plaintiff's Motion, regarding evidence that Plaintiff's medical bills have been paid by a third party insurer, such evidence is not admissible. "Where payments are from a collateral source and not from the tortfeasor himself, evidence of such payments is inadmissible in a trial for recovery of damages against a tortfeasor." Titchnell v. United States, 681 F.2d 165, 175 (3d Cir. 1982). The collateral source rule has exceptions, which depend on the substance of Plaintiff's testimony at trial.[5] See Doyle v. New Jersey Transit Rail Operations, Inc., No. 4-5209, 2008 U.S. Dist. LEXIS 87991, at **4-5 ( D.N.J. Oct. 29, 2008). Therefore, Paragraph 3 of Plaintiff's Motion will be denied at this time, without prejudice to Plaintiff to object at trial.

In Paragraphs 18 through 21 of his Motion, Plaintiff seeks permission to call certain witnesses at trial, who were not identified in his Pretrial Statement or initial disclosures, including his wife, his daughter, and three physicians. Defendant objects, on grounds that Plaintiff has not now proffered any reason that he has now identified these previously undisclosed witnesses, and that the three non-physician witnesses were not present at the meeting in question. According to Fed. R. Civ. P. 37(c)(1), a party who fails to make adequate disclosures will not be permitted to use at trial the omitted witnesses unless it can show that its failure to supplement was substantially justified or that the failure was harmless. Plaintiff shall be ordered to file a brief statement regarding why the witnesses shall be permitted to testify

---

[5] For example, collateral source evidence may be admitted to directly contradict a statement made by Plaintiff in court. Doyle, 2008 U.S. Dist. 87991, at *5.

under applicable rules, as well as an offer of the witnesses' testimony.[6] Both parties should be prepared to address, upon request of the Court, the effect on the trial, and on the remainder of Plaintiff's evidence, should the testimony be excluded. See Eckman, 2006 U.S. Dist. LEXIS 47976, at \*\*18-19 (requiring expert medical evidence of causation of physical injury in a Section 1983 case).

### B. Plaintiff's Second Motion

Plaintiff's Second Motion in limine seeks a ruling that all of his evidence will be admitted at trial. Such an expansive ruling does not allow the particularized assessment of proof under applicable evidentiary standards, and would be both imprecise and inappropriate. Plaintiff's Second Motion will be denied, and Plaintiff may move for the admission of his evidence at the time of trial.

### CONCLUSION

In sum, both parties' Second Motions in Limine will be denied, and the remaining Motions granted in part and denied in part, in accordance with the boundaries enunciated supra. An appropriate Order follows.

### ORDER

AND NOW, this 18th day of February, 2011, it is hereby ORDERED, ADJUDGED, and DECREED that Defendants' First [118] and Third Motions [122], and Plaintiff's First [125] are denied in part and granted in part, as stated in the body of the Opinion. Plaintiff's and Defendants' second Motions in Limine ([135] and [120]) are DENIED, as stated in the body of the Opinion. With respect to all evidence not excluded in the foregoing Opinion, and to which objection may be raised at trial, no evidence relating to events occurring more than two years

---

[6] Plaintiff appears to suggest that because his Rule 26(a) disclosures contain a statement regarding his right to supplement the disclosures, dilatory disclosures should be excused. Plaintiff is advised that such a right to supplement alone does not excuse disclosures withheld until the eve of trial.

prior to October 10, 2006. With respect to the witnesses listed in Paragraphs 18 through 21 of Plaintiff's First Motion, Plaintiff shall file a brief statement, not to exceed two pages, regarding why the witnesses should be permitted to testify under applicable rules, a concise offer of the witness' testimony, and why they were not disclosed in Plaintiff's Pretrial Statement or initial disclosures. Plaintiff shall file this submission by February 23, 2011.

BY THE COURT:

/s/Donetta W. Ambrose

Donetta W. Ambrose

Senior Judge, U.S. District Court